IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRIAN KEITH McGILL** | ) | |
| | ) | |
| v. | ) | 3-07-CV-1390-M |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Iowa Park, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: On May 2, 2005, McGill entered a plea of guilty to the offense of unlawful possession of a controlled substance as charged in the indictment returned in Cause No. F-04-58422 and a plea of true to the enhancement paragraphs alleged in the indictment. On the same date he pled guilty to the offense of unauthorized use of a motor vehicle as charged in the indictment in No. F-04-57617. On June 3, 2005, he was sentenced to a term of 25 years imprisonment in the drug offense. On direct appeal his drug conviction was affirmed with the

modification that use of a deadly weapon was deleted from the judgment. *See McGill v. State*, 200 S.W.3d 325 (Tx.App. - Dallas 2006), no pet. Thereafter he filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, which was denied by the Texas Court of Criminal Appeals on July 11, 2007. *See* Application No. WR-29,683-02. He then filed the present petition pursuant to 28 U.S.C. § 2254. In response to the petition and this court's show cause order Respondent has filed an answer together with copies of the prior state proceedings.

**<u>Findings and Conclusions</u>**: In response to McGill's petition the answer filed by Respondent asserts that he has failed to exhaust state remedies except for a single factual allegation with respect to his ineffective assistance of counsel claim.

As noted above Petitioner did not file a petition for discretionary review after the Fifth Court of Appeals affirmed his conviction. Therefore, the only available avenue for exhausting state remedies was via an application for habeas corpus relief. *See e.g. Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985). Accordingly, in addressing Respondent's failure to exhaust argument the court looks to McGill's art. 11.07 application in No. WR 29,683,02, *supra*. A prior application, No. WR-29,683-01, attacks a different conviction.

Although his state habeas application raises eight grounds, *See* No. WR 29,683-02, at 007-014, it is clear that his third ground - regarding a double jeopardy issue with respect to his unauthorized use of a motor vehicle conviction (No. F-04-57617) - and his fourth ground in his § 2254 petition have not been presented to the Texas courts. Further, neither of these claims presents a cognizable basis for federal habeas relief in his drug conviction.

When his art. 11.07 application is juxtaposed with his § 2254 petition, it is highly questionable whether McGill's remaining claims have been exhausted. *See e.g. Wilder v. Cockrell*,

2

274 F.3d 255, 259 (5th Cir. 2001). Nonetheless § 2254(b)(2) permits a federal court to *deny* relief on unexhausted grounds.

The essence of his remaining claims is that due to his attorney's alleged ineffective assistance his guilty plea was not knowingly and understandingly entered. It is well-settled that in order to demonstrate ineffective assistance of counsel in the context of a guilty plea, a petitioner must allege and prove that but for the attorney's deficient representation, he would have pleaded not guilty and demanded a trial on the merits. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366 (1985); *Craker v. McCotter*, 805 F.2d 538 (5th Cir. 1987).

The record reflects that McGill was fully admonished of the punishment range for the offense and knowingly and understandingly pleaded guilty. *See* Reporter's Record, Vol. 2 at 4-7. As was briefly alluded to when he entered his pleas of guilty to the drug offense and of true to the prior convictions, *Id.* at 5 and 10-11, and as more fully explained in the sentencing proceeding, *See* Reporter's Record, Vol. 3, at 6-12, despite his record of convictions he entered an open plea of guilty in the hope that the judge would place him on unadjudicated probation and in a drug treatment program (SAFP). Further, while testifying under oath Petitioner affirmed that his attorney had gone over his options in both criminal cases and had prepared to go to trial on pleas of not guilty before McGill chose to plead guilty. Reporter's Record, Vol. 2 at 10-11 and Vol. 3 at 6-7; 12; 22-23.

The factual claims made in support of his grounds for relief are in direct conflict with his prior statements made in the state trial court under oath. His claims are similar to those made by the habeas movant in *United States v. Fuller,* 769 F.2d 1095 (5th Cir. 1985). In that case relief was appropriately denied in light of the fact that the allegations in the § 2255 motion were uncorroborated and in conflict with his prior statements made under oath.

3

Finally and dispositive of the cognizable grounds set out in McGill's § 2254 petition is the fact that federal habeas corpus relief is unavailable unless he can demonstrate that the Court of Criminal Appeals' denial of his art. 11.07 application was contrary to, or involved an unreasonable application of, clearly established Federal law or was based on an unreasonable determination of facts. *See* § 2254 (d)(1) and (2). He cannot make the required showing which forecloses federal habeas corpus relief.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 7th day of February, 2008.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.